SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| RALPH E. HUGHES, an elector, | ) | Arizona Supreme Court |
| | ) | No. CV-02-0222-AP/EL |
| Plaintiff/Appellant, | ) | |
| | ) | Maricopa County Superior |
| v. | ) | Court |
| | ) | No. CV 2002-012304 |
| DOUGLAS K. MARTIN, a candidate | ) | |
| for State Mine Inspector in 2002; | ) | |
| | ) | |
| BETSEY BAYLESS, as Secretary of | ) | |
| State, JESSICA GIFFORD | ) | |
| FUNKHOUSER, as Elections | ) | |
| Director, Office of the | ) | |
| Secretary of State; | ) | |
| | ) | |
| APACHE COUNTY BOARD OF SUPERVISORS | ) | |
| MEMBERS JOE SHIRLEY JR., TOM M. | ) | |
| WHITE, JR., DAVID A. BROWN AND | ) | |
| APACHE COUNTY RECORDER JEANNE | ) | **O P I N I O N** |
| UDALL; | ) | |
| | ) | |
| COCONINO COUNTY BOARD OF | ) | |
| SUPERVISORS MEMBERS PAUL BABBITT | ) | |
| JR., ELIZABETH ARCHULETS, MATT | ) | |
| RYAN, DEBORAH HILL, LOUISE | ) | |
| YELLOWMAN AND COCONINO COUNTY | ) | |
| RECORDER CANDACE OWENS; | ) | |
| | ) | |
| COCHISE COUNTY BOARD OF | ) | |
| SUPERVISORS MEMBERS PATRICK CALL, | ) | |
| PAUL NEWMAN, LESLIE E. THOMPSON | ) | |
| AND COCHISE COUNTY RECORDER | ) | |
| CHRISTINE M. RHODES; | ) | |
| | ) | |
| GILA COUNTY BOARD OF SUPERVISORS | ) | |
| MEMBERS RON CHRISTENSEN, JOSE M. | ) | |
| SANCHEZ, CRUZ SALAS AND GILA | ) | |
| COUNTY RECORDER LINDA HAUGHT | ) | |
| ORTEGA; | ) | |
| | ) | |
| GRAHAM COUNTY BOARD OF | ) | |
| SUPERVISORS MEMBERS DREW JOHN, | ) | |
| JAMES A. PALMER, MARK C. | ) | |
| HERRINGTON AND GRAHAM COUNTY | ) | |
| RECORDER WENDY JOHN; | ) | |
| | ) | |

GREENLEE COUNTY BOARD OF )
SUPERVISORS MEMBERS DONALD R. )
STACEY, HECTOR RUEDAS, DIXIE L. )
ZUMWALT AND GREENLEE COUNTY )
RECORDER KATIE CLONTS; )
)
LA PAZ COUNTY BOARD OF )
SUPERVISORS MEMBERS EUGENE M. )
FISHER, CLIFFORD EDEY, )
JAY HOWE AND LA PAZ COUNTY )
RECORDER PATRICIA L. WALL; )
)
MARICOPA COUNTY BOARD OF )
SUPERVISORS MEMBERS FULTON BROCK, )
DON STAPELY, ANDREW KUNASEK, )
JANICE K. BREWER, MARY ROSE )
GARRIDO WILCOX AND MARICOPA )
COUNTY RECORDER HELEN PURCELL; )
)
MOHAVE COUNTY BOARD OF )
SUPERVISORS MEMBERS PETE BYERS, )
TOM SOCKWELL, BUSTER D. JOHNSON )
AND MOHAVE COUNTY RECORDER JOAN )
McCALL; )
)
NAVAJO COUNTY BOARD OF )
SUPERVISORS MEMBERS PERCY DEAL, )
JESSE THOMPSON, J.E. DESPAIN, )
LEWIS TENNEY, JERRY BROWNLOW )
AND NAVAJO COUNTY RECORDER )
LAURETTE JUSTMAN; )
)
PINAL COUNTY BOARD OF SUPERVISORS )
MEMBERS LIONEL D. RUIZ, SANDIE )
SMITH, JIMMIE B. KERR AND PINAL )
COUNTY RECORDER LAURA DEAN-LYTLE; )
)
PIMA COUNTY BOARD OF SUPERVISORS )
MEMBERS ANN DAY, DAN ECKSTROM, )
SHARON BRONSON, RAY CARROLL, )
RAUL M. GRIJALVA AND PIMA )
COUNTY RECORDER F. ANN )
RODRIGUEZ; )
)
YAVAPAI COUNTY BOARD OF )
SUPERVISORS MEMBERS GHERAL )
BROWNLOW, LORNA STREET, CHIP )
DAVIS AND YAVAPAI COUNTY )

2

RECORDER PATSY JENNEY-COLON;       )
                                   )
SANTA CRUZ COUNTY BOARD OF         )
SUPERVISORS MEMBERS MANUEL RUIZ,   )
ROBERT DAMON, JOHN C. MAYNARD,     )
JR. AND SANTA CRUZ COUNTY          )
RECORDER SUZANNE SAINZ;            )
                                   )
YUMA COUNTY BOARD OF SUPERVISORS   )
MEMBERS LENORE STUART, LUCY        )
SHIPP, CASEY PROCHASKA, TONY       )
REYES, ROBERT McLENDON AND YUMA    )
COUNTY RECORDER SUSAN K. MARLER,   )
                                   )
        Defendants/Appellees.      )
                                   )
_____)

_____

Appeal from the Superior Court of Maricopa County
Honorable Mark R. Santana, Judge
AFFIRMED

_____

Irvine Van Riper, P.A.                                   Phoenix
By   Thomas K. Irvine
and  Larry Wulkan
Attorneys for Ralph E. Hughes

Gammage & Burnham                                        Phoenix
By   Lisa T. Hauser
and  Cameron A. Artigue
Attorneys for Douglas K. Martin

_____

M c G R E G O R, Vice Chief Justice

¶1      This nomination petition challenge asks us to determine

whether propositions 101 and 107, both adopted by voters in the

1992 election, conflict.  We conclude the propositions do not

3

conflict and that, taken together, they provide that a person elected as mine inspector serves for a four-year term and is limited to four consecutive terms.

**I.**

¶2        In 1992, the voters adopted two amendments to Article 19 of the Arizona Constitution concerning the office of mine inspector. Proposition 101, a House concurrent resolution referred to voters, stated that the mine inspector "shall be elected at general elections, and shall serve for ~~two~~ FOUR years. THE INITIAL FOUR YEAR TERM SHALL BE SERVED BY THE MINE INSPECTOR ELECTED IN THE GENERAL ELECTION HELD IN NOVEMBER, 1994."[1] Proposition 107, a voter initiative, stated in pertinent part:

> [A] Mine Inspector . . . shall be elected at general elections, and shall serve for <u>a term of</u> two years. <u>No Mine Inspector shall serve more than four consecutive terms in that office. No Mine Inspector, after serving the maximum number of terms, which shall include any part of a term served, may serve in the same office until out of office for no less than one full term. This limitation on the number of terms of consecutive service shall apply to terms of office beginning on or after January 1, 1993.</u>[2]

¶3        Voters first elected Martin as mine inspector in 1988 to a two-year term. He was re-elected in 1992 to another two-year term, and in 1994 and 1998 to four-year terms. He filed petition

---

[1]    Capital letters indicate additions to the text of Article 19 and strikeouts indicate language deleted from Article 19.

[2]    Underlined words indicate additions to the text of Article 19.

4

signatures to qualify for the ballot for this year's general election. Hughes challenged Martin's petitions in superior court, arguing that Martin was barred from running because, together, propositions 101 and 107 demonstrated the voters' intent to restrict the office of mine inspector to four two-year terms or eight years.[3] Alternatively, Hughes argued that because propositions 101 and 107 conflict, the court must invalidate proposition 101, the proposition that received fewer votes, pursuant to the Arizona Constitution.[4]

¶4     Martin filed a motion to dismiss, asserting that the two propositions do not conflict because their express provisions are unrelated. Martin argued that because proposition 101 increased the *length* of the mine inspector's term and proposition 107 restricted the *number of terms* one person could serve as mine inspector, the propositions could be read together to allow a person to serve as mine inspector for four, consecutive, four-year terms. Thus, Martin would be eligible to run for mine inspector in the 2002 election.

¶5     Judge Santana granted Martin's motion to dismiss,

---

[3]     Hughes also pointed to ballot language, publicity pamphlets and legislative council analysis to support his position.

[4]     If voters approve conflicting measures or constitutional amendments at the same election, "the measure or amendment receiving the greatest number of affirmative votes shall prevail in all particulars as to which there is conflict." Ariz. Const. art. IV, pt. 1, § 1(12).

reasoning that propositions 101 and 107 "can be harmonized to avoid conflict: Article XIX (as amended by proposition 107) limits the Mine Inspector to four consecutive terms, but those terms, as determined by proposition 101, are four years in length." *Hughes v. Martin*, No. CV 2002-012304, Minute Entry at 2.

¶6      This appeal followed.  We exercise jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 16-351.A (1996 & Supp. 2001).  We review this legal issue *de novo*.  *Transp. Ins. Co. v. Bruining*, 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996).

## II.

¶7      In determining whether propositions conflict, we refrain from looking beyond the plain language of the propositions "[i]f a [proposition's] language is clear and unambiguous . . . . Ambiguity exists if there is uncertainty about the meaning or interpretation of a [proposition's] terms."  *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

¶8      Proposition 101 states that the mine inspector "shall serve for ~~two~~ FOUR years."  No ambiguity exists in this language, which simply and clearly changes the mine inspector's term of office from two years to four years.

¶9      The portion of proposition 107 allegedly in conflict with proposition 101 can be divided into two parts.  The first part essentially sets forth the law as it existed prior to the adoption of propositions 101 and 107 by stating that the mine inspector

6

"shall serve for <u>a term of</u> two years." Proposition 107. The second portion of proposition 107 limits the office of mine inspector to four consecutive terms. *Id.* Like proposition 101, proposition 107 contains no ambiguity because its language clearly restates the law as it existed at the time its supporters filed the petition with respect to the length of the mine inspector's term (two years), and limits individuals serving as mine inspector to four consecutive terms.

¶10     Because propositions 101 and 107 do not contain uncertain terms, we proceed by looking solely at the text of the propositions. *Hayes*, 178 Ariz. at 268, 872 P.2d at 672.

### III.

### A.

¶11     When constitutional amendments seemingly conflict, "it is the duty of the court to harmonize both so that the constitution is a consistent workable whole." *State ex rel. Nelson v. Jordan*, 104 Ariz. 193, 196, 450 P.2d 383, 386 (1969). This approach ensures that the submission of one or the other amendment "was not a pointless act" and that "the will of the majority as expressed in free elections . . . prevail[s]." *Id.*

¶12     *Nelson* involved two allegedly conflicting amendments both approved by voters in the 1968 election, to Article 5 of the Arizona Constitution. *Id.* at 195, 450 P.2d at 385. One amendment, proposition 108, eliminated the office of state auditor while

7

reciting the current law under which officers served two-year terms. The other amendment, proposition 104, extended the term of offices of the executive department, including the office of state auditor, from two years to four years. *Id.*

¶13    Recognizing that Article 5 "is divisible into two severable parts, one enumerating the offices of the executive department and the other providing for their terms," we held that both propositions could be given effect because each proposition addressed a different portion of Article 5.  *Id*. at 195-96, 450 P.2d at 385-86.  Proposition 108 enumerated the offices of the executive department, while proposition 104 set forth the number of years in the officers' terms.  Harmonizing propositions 108 and 104, we concluded that proposition 108 eliminated the office of state auditor and proposition 104 expanded executive officers' terms to four years.  *Id*. at 196, 450 P.2d at 386.

**B.**

¶14    *Nelson* teaches that "[t]he guiding principle of constitutional construction . . . is that where two or more amendments are adopted on the same day they must be construed together and effect given to all.  Any differences must be reconciled, if such is possible." *Hood v. State*, 24 Ariz. App. 457, 463, 539 P.2d 931, 937 (1975).[5]  Like the proposed amendments

---

[5]    The dissent presents a reasonable reading of the propositions, considered individually.  Because the voters adopted both, however, we must construe them together, not separately.

8

in *Nelson*, propositions 101 and 107 can be harmonized because each proposition serves a purpose separate and distinct from the other, and alters different portions of Article 19.

¶15    Article 19 addresses several aspects of the office of mine inspector and can be divided into separate parts. *See* Ariz. Const. art. XIX.  One portion of Article 19 establishes the office of mine inspector, the second part describes the office, another sets forth the number of years in the mine inspector's term and the final portion addresses the number of consecutive terms a person may serve as mine inspector. *Id.*

¶16    The plain language of proposition 101 increases the mine inspector's term from two to four years; it affects only that portion of Article 19 concerned with the number of years in a mine inspector's term.  Proposition 107, on the other hand, creates a limit of four consecutive terms for the office of mine inspector. As a result, proposition 107's changes affect only that part of Article 19 enumerating the consecutive terms a person may serve as mine inspector.  Because proposition 101 addresses the length of the mine inspector's term and proposition 107 addresses the number of consecutive terms an individual may serve as mine inspector, the two propositions can be read together to increase the mine inspector's term to four years while placing a limit of four consecutive terms upon those seeking re-election to that office.

¶17    Combining propositions 101 and 107 in this way allows us

9

to preserve the full expression of the voters' intent rather than judicially select one voter-approved amendment over another. If we were to adopt Hughes' argument, we would silence the voices of those voters who adopted proposition 101. We will not do so unless a conflict leaves us no choice. Fortunately, we can reconcile these amendments and give effect to both.

¶18    Allowing a person to serve as mine inspector for up to four consecutive four-year terms would not have been an irrational choice on the part of Arizona voters because the mine inspector must be a well-qualified individual who fulfills several statutory requirements.[6] If, however, Arizona voters did not intend to allow an individual to serve as mine inspector for up to four consecutive four-year terms, the voters can alter either the number of years in a mine inspector's term or the number of consecutive terms a mine inspector may serve.

## C.

¶19    Proposition 107 applies to "terms of office beginning on

---

[6]    The state mine inspector shall be a resident of this state at least two years before election, not under thirty years of age, and shall have been practically engaged in, and acquainted with, mines and mining in this state, and shall have had at least four years' experience in underground mining and three additional years in either underground mining, smelting, open pit mining, or experience in any industry under the jurisdiction of the state mine inspector.

A.R.S. § 27-121.A (2000 & Supp. 2001).

10

or after January 1, 1993." Accordingly, Martin may run for the office of mine inspector in this year's election.

**IV.**

¶20     For the foregoing reasons, we affirm the judgment of the superior court.

_____
                    Ruth V. McGregor, Vice Chief Justice

CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice


FELDMAN, Justice, dissenting

¶21     I cannot agree with the majority's basic premise. It finds no conflict between Propositions 101 and 107 and, applying the rule of the *Nelson* case, harmonizes the two propositions, holding that the mine inspector may serve four terms of four years each. *See* Opinion at ¶¶ 1, 11; *State ex rel. Nelson v. Jordan*, 104 Ariz. 193, 450 P.2d 383 (1969). It is clear, however, that the

voters were faced with two conflicting proposals, both adopted in the 1992 election. One, Proposition 101, was to increase the term of the mine inspector from two to four years without terms limits. The other, Proposition 107, was to leave the term of mine inspector at two years and impose a four term limit, for a total of eight years. By a margin of a quarter million votes, the voters rejected Proposition 101 and adopted Proposition 107. We should honor that decision. I therefore respectfully dissent.

## A.    The text

¶22    The majority concludes that Article 19, which deals only with the office of mine inspector, "can be divided into separate parts." Opinion at ¶ 15. Each of the propositions therefore "alters different portions of Article 19." *Id*. at ¶ 14. There are two flaws in this reasoning.

¶23    First, neither proposition has a word to say about the nature or duties of the mine inspector. Both deal exclusively with how long the mine inspector may hold office. Proposition 101 says that the mine inspector "shall serve for four years" and contains no term limit clause. Proposition 107, on the other hand, says the mine inspector "shall serve for a term of two years" and shall not "serve more than four consecutive terms." To my mind, the two provisions are in direct conflict.

¶24    Second, the majority's argument that the two propositions alter different portions of Article 19 is refuted by comparing the text of Article 19 as it existed before the 1992 election with the wording of each of the amending propositions adopted in that election.

¶25    Article 19 was only one paragraph in length before the

12

1992 amendments. It read:

> The office of Mine Inspector is hereby established. The Legislature, at its first session, shall enact laws so regulating the operation and equipment of all mines in the State as to provide for the health and safety of workers therein and in connection therewith, and fixing the duties of said office. Upon approval of such laws by the Governor, the Governor, with the advice and consent of the Senate, shall forthwith appoint a Mine Inspector, who shall serve until his successor shall have been elected at the first general election thereafter and shall qualify.
>   Said successor and all subsequent incumbents of said office shall be elected at general elections, and **shall serve for two years.**

(Emphasis added.)

¶26      Proposition 101 amended Article 19 by modifying the last sentence to read as follows: "Said successor and all subsequent incumbents of said office shall be elected at general elections, and *shall serve for four years*." A sentence was then added to make the change effective after the 1994 election. Thus, the only relevant change accomplished by Proposition 101 was to strike the word "two" in the original and substitute the word "four." There was no term limit provision.

¶27      Proposition 107, on the other hand, dealt with a number of offices and limited "terms that a person may serve in federal and state offices." *See* Proposition 107, Ballot Statement, Analysis by Legislative Council. The proposition contained, however, separate sections dealing with each office affected. The section dealing with Article 19 contained the entire original text of Article 19 — one paragraph — and changed the operative sentence to read as follows: "Said successor and all subsequent incumbents of said office shall be elected at general elections, and *shall*

13

*serve for a term of two years*."  (Emphasis added.)  It then added the provision limiting service to "no more than four consecutive terms."

¶28     Thus, the operative sentences in these single paragraphs are in direct conflict.  Proposition 101 says the mine inspector "shall serve for four years" and does not limit the number of terms.  Preposition 107 provides for "a term of two years" and limits the number of consecutive terms to four.  I can only describe this as a direct and total conflict.  The conflict becomes even more apparent when we note how the official annotator published the changes in the statute books:

## ARTICLE XIX. MINES

*Text of section amended by Proposition 101 (1992 election)*

The office of mine inspector is hereby established.  The legislature shall enact laws so regulating the operation and equipment of all mines in the state as to provide for the health and safety of workers therein and in connection therewith, and fixing the duties of said office. Upon approval of such laws by the governor, the governor, with the advice and consent of the senate, shall forthwith appoint a mine inspector, who shall serve until his successor shall have been elected at the first general election thereafter and shall qualify. Said successor and all subsequent incumbents of said office shall be elected at general elections, and ***shall serve for four years***. The initial four year term shall be served by the mine inspector elected in the general election held in November, 1994.

Amendment approved election Nov. 3, 1992, eff. Nov. 23, 1992.

*For another text of this section amended by initiative measure, Proposition 107, see Art. 19, post*

## ARTICLE XIX. MINES

14

*Text of section amended by 1992 election initiative measure, Proposition 107*

The office of Mine inspector is hereby established. The Legislature, at its first session, shall enact laws so regulating the operation and equipment of all mines in the State as to provide for the health and safety of workers therein and in connection therewith, and fixing the duties of said office. Upon approval of such laws by the Governor, the Governor, with the advice and consent of the Senate, shall forthwith appoint a Mine Inspector, who shall serve until his successor shall have been elected at the first general election thereafter and shall qualify. Said successor and all subsequent incumbents of said office shall be elected at general elections, and **shall serve for a term of two years. No Mine Inspector shall serve more than four consecutive terms in that office**. No Mine Inspector, after serving the maximum number of terms, which shall include any part of a term served, may serve in the same office until out of office for no less than one full term. This limitation on the number of terms of consecutive service shall apply to terms of office beginning on or after January 1, 1993.[7]

Amended by initiative measure election Nov. 3, 1992, eff. Nov. 23, 1992.

*For text of another Article 19 also approved at the 1992 general election (Proposition 101), see Article 19, ante*

West's 1996 Pocket Part to Arizona Revised Statutes, volume 1 (emphasis added to show the part of Article 19 that changed).

¶29 Thus, both amendments to Article 19 dealt with one discrete subject at the end of a single paragraph — the mine inspector's term of office — not different portions, sections, or divisions of Article 19. In its attempt to harmonize what it

---

[7] There are also conflicting effective dates. Proposition 101 applies to the mine inspector elected in the 1994 general election while Proposition 107 applies to the mine inspector's term beginning in 1993, thus including any partial term filled by appointment during the year 1993.

15

considers separate portions of Article 19, the majority disregards the plain and conflicting text of each proposition and cobbles together a third version, using the four-year term provided in Proposition 101, combining it with the four-term limit in Proposition 107, and ignoring the two-year term provided in Proposition 107. In so doing, it violates not only text but intent.

## B. Intent

¶30    The majority says that by so "combining Propositions 101 and 107," we may "preserve the full expression of the voters' intent rather than judicially select one voter-approved amendment over another." Opinion at ¶ 17. But the record clearly shows that the intent of the two propositions as presented to the voters was totally in conflict.

¶31    The intent underlying Proposition 101 is apparent from the text. It says and purports to do only one thing: change the mine inspector's term of office from two years to four years. This was accomplished by changing the word "two" to "four." This intent is explicit in the Legislative Council's analysis, which appeared in the publicity pamphlet mailed to voters in compliance with A.R.S. §§ 19-123 and 19-124, so that the voters would understand the effect of adopting Proposition 101. In the relevant description, the Legislative Council's analysis read as follows:

> This proposed amendment to the Arizona Constitution would lengthen the term of office of the State Mine Inspector. Currently, the State Mine Inspector is elected for a two-year term. Proposition 101, if adopted, would increase that to a four-year term, beginning with the term for the State Mine Inspector who is elected at the November, 1994 general election. This proposition does **not** limit the

16

> number of times a person can be elected to the
> office of State Mine Inspector.

(Emphasis in original.)

¶32       The Legislative Council's pro and con arguments, required by A.R.S. § 19-123, put the issue presented by Proposition 101 quite plainly:  The argument in favor of the proposition was that the mine inspector was entitled to a four-year term like other state officials, so he could pay attention to his duties instead of worrying about elections every two years.  The argument against was that the mine inspector would be "more attentive to the needs of the people" if he had to run every two years, so the shorter term should continue.  *See* Legislative Council Arguments Favoring and Opposing Proposition 101.  These arguments were furnished to all voters as part of the publicity pamphlet required by A.R.S. § 19-123.

¶33       The Legislative Council's analysis was equally clear with respect to the intent of Proposition 107.  The council's description of the meaning of Proposition 107's new Article 19 was:

> *Mine Inspector*: a maximum of four consecutive terms, which is eight years.  **The Mine Inspector has a two-year term, which is unchanged by this proposed amendment**.

(Emphasis added.)

¶34       The intent of Proposition 107 was also explicit on the ballot itself.  In the official title of Proposition 107, as printed on the ballot given voters, those voters were informed that the effect of Article 19 was: "TO LIMIT THE TERMS OF OFFICE OF THE STATE MINE INSPECTOR TO FOUR CONSECUTIVE TERMS (EIGHT YEARS) BY AMENDING ARTICLE 19."  Obviously, four terms totalling eight years

17

means each term is two years, and that, in fact, is exactly what the text of Proposition 107 said in its operative sentence by providing that the mine inspector "shall serve for a term of two years." That sentence was not left in place by mistake, for Proposition 107 added the words "term of" before the phrase "two years" as it appeared in the original version of Article 19 set forth above.

¶35 Thus, the battle lines were clearly drawn and the intended effect of the two propositions as put forth in the publicity pamphlet and on the ballot is contradictory. I simply cannot join in the supposition that the voters looked past the text and explanations given to them and formed some intent that they would combine the two propositions so as to adopt the four-year term provided by Proposition 101 together with the four-term limit provided by Proposition 107.

¶36 In fact, the result reached by the majority's combining the two propositions means that the mine inspector, unlike any other state officeholder covered by Proposition 107, can serve for up to sixteen years. This, despite the fact that Proposition 107 clearly limited the term for mine inspector to eight years. Martin, the current officeholder, was in office in 1992 and by today's majority opinion will be able to run for election this year even though he has already served more than eight years, part of it illegally. Proposition 107 prohibits his placement on this year's ballot. Presumably today's opinion not only allows him on the ballot but permits him to serve until 2006, a total of more than sixteen years, thus directly violating the text and intent of Proposition 107.

18

¶37     There is only one result to be reached; there is nothing to harmonize.  The text and intent of Proposition 101 was to lengthen the term from two years to four without imposing term limits, and the text and intent of Proposition 107 was to keep a two-year term but to impose a limit of four consecutive terms or eight years.  The two propositions cannot be reconciled.

¶38     The majority relies on the *Nelson* case, but the propositions in *Nelson* were easy to harmonize.  On the one hand, a state elective office was eliminated, and on the other hand, the term of a number of elective offices, including the one eliminated, was extended to four years.  Voters had two clear choices before them that were fundamentally separate from one another.  Should the position of auditor be eliminated?  Should a term in office be extended to four years?  *See Nelson*, 104 Ariz. 193, 450 P.2d 383.  It was easy in *Nelson* to harmonize separate affirmative votes, separate negative votes, or any split approval.  It is not possible to do so in this case.

## C.     Resolution

¶39     As the majority notes, it is our duty to harmonize, but as it also notes, *Nelson* tells us that we must harmonize only "if possible."   Opinion at ¶ 14 (quoting *Hood v. State*, 24 Ariz.App.457, 463, 539 P.2d 931, 936 (1975)).  It is not possible to harmonize these propositions, and it is not the court's duty to reconcile the irreconcilable.  If we were faced only with the fact that, at the same election, the voters adopted two propositions in direct conflict with each other, we might have to reject both proposals.  But our constitution directs a resolution.  It provides that in cases such as this, when there is a conflict in

19

constitutional amendments adopted at the same election, the one "receiving the greatest number of affirmative votes shall prevail in all particulars as to which there is a conflict." Ariz. Const. art. IV, pt. 1 § 1(12). Proposition 107 received over one million affirmative votes, while Proposition 101 received only about three-quarters of a million. Thus, under our constitution, Proposition 107 prevails.

¶40 The majority has not, as it claims, "preserve[d] the full expression of the voters' intent." Opinion at ¶ 17. It has, rather, silenced the voices of the majority who adopted Proposition 107, intending and stating that the mine inspector was to hold office for a two-year term, limited to four consecutive terms (eight years). The majority has changed this to read a four-year term, limited to four consecutive terms (sixteen years).

¶41 I would instead hold that Proposition 107 governs and that the mine inspector shall serve for a two-year term with a limit of four consecutive terms for a total of eight rather than sixteen years. Such result would enact the will and intent of the people who, by over 250,000 votes, rejected the proposition that the mine inspector could serve a four-year term without term limits and adopted instead an amendment leaving the two-year term in effect but imposing an eight-year term limit.

_____
STANLEY G. FELDMAN, Justice